UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Case No. 13-cr-00159-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

1.    BRANDON LEE BROWN,
         a/k/a "Bigg Hogg,"
         a/k/a "Solo,"
2.    JERRICA ALLEN,
3.    HUBERT ASBERRY,
4.    MARCUS BAKER,
         a/k/a "Lil Nutty,"
5.    BRANDON DUJUAN BROWN,
         a/k/a "Lil Gangster Bang,"
6.    CRYSTAL BUTLER,
7.    WESLEY CONNER,
         a/k/a "Baby Hogg,"
         a/k/a "Lil Hogg,"
8.    RODNEY DELATORRE REYNA,
9.    KENT HOOKS
         a/k/a "J Rocc,"
         a/k/a "Rolling J Rocc,"
10.   STEPHANIE KIRBY,
11.   ARTURO MARTINEZ,
          a/k/a "Tray Crip,"
12.   DUSTY MEDEIROS,
13.   JAMILA POWERS,
          a/k/a "J Boo,"
14.   SORL SHEAD, JR.,
          a/k/a "Sorl Shead,"
          a/k/a "Shug,"
          a/k/a "Bear,"
15.   **LEON SIMMONS,**
16.   RICHARD STEPHENSON,
17.   ARNELL STEWART,
          a/k/a "Show Off,"

18.     JULIAN WHEELER,
        a/k/a "Julian Ballard-Wheeler,"
        a/k/a "Young Solo,"
        a/k/a "Lil Solo,"
        a/k/a "LS,"
19.     LEONARD WRIGHT,
        a/k/a "SL,"
        a/k/a "Stay Lo,"

    Defendants.
_____

## MOTION TO DETERMINE COMPETENCY OF DEFENDANT
_____

Defendant Leon Simmons, by and through his attorney, Martha H. Eskesen of MARTHA H. ESKESEN, P.C., moves pursuant to U.S. Const. Amend. V and 18 U.S.C. § 4241 for a local psychiatric or psychological examination of the defendant, and to hold a hearing to determine whether Mr. Simmons is competent to proceed in this matter. As grounds, he states:

1.     The Federal Grand Jury returned an Indictment charging Mr. Simmons with violations of federal drug trafficking laws as follows:

- Conspiracy to distribute and possess with intent to distribute one or more of the following: (1) 280 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) and 846, and (2) 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II) and 846 (Count One);

- Using a communication facility (telephone) in facilitating the commission of a drug trafficking felony in violation of 21 U.S.C. § 846 (Counts Eight, Nine and Ten).

2. Mr. Simmons was arrested on April 25, 2013, pursuant to the warrant issued in this criminal action.

3. Undersigned counsel was appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, to represent Mr. Simmons on April 26, 2013. When counsel inquired of Mr. Simmons' confinement location, Deputy U.S. Marshal Ben Walkington stated, in pertinent part, as follows:

> FYI: We have noted in our system that he had a prior brain surgery, although I do not know the details. Looking at his booking photo and after talking to our detention enforcement officer who booked him, it appears that he might still be affected in some manner by a brain injury.

E-mail from Deputy U.S. Marshal Walkington dated April 26, 2013.

4. Further investigation revealed that Mr. Simmons sustained a traumatic head injury when he was hit by a car in or about June 2010. He underwent brain surgery for this injury. He subsequently sustained further traumatic injury to his head when he was assaulted. Mr. Simmons also regularly used illegal controlled substances.

5. There is reasonable cause to believe Mr. Simmons may presently be suffering from mental disease or defect rendering him mentally incompetent to the extent that he is unable to fully understand the nature and consequences of the proceedings against him and/or assist properly in his defense. The traumatic head injuries and brain surgery impacted and may continue to impact his ability to assist properly in his defense.

There there may be cognitive impairment to such a degree that Mr. Simmons is incapable of participating in or assisting in his defense.  Accordingly, further investigation and evaluation of Mr. Simmons' mental competence is warranted.

6.     Pursuant to 18 U.S.C. § 4241(b), the defense requests a local psychiatric or psychological examination and report of Mr. Simmons.  By "local," the defense requests that an evaluation be conducted by a psychologist or psychiatrist in the Denver Metropolitan area where Mr. Simmons is housed.  In this regard, counsel requests the Court direct counsel for the government and the defendant to provide the Court with names of professionals who can be appointed for conducting such evaluation and preparing a report.

7.     After the report is filed, counsel requests a hearing on this issue of competency pursuant to 18 U.S.C. § 4241(c).

8.     Based on the foregoing, counsel for Mr. Simmons requests this Court to order a local psychiatric or psychological examination and report on Mr. Simmons, to hold a hearing to determine his mental competency to proceed, and for such other and further relief as the Court deems proper.

Dated:  December 2, 2013			MARTHA H. ESKESEN, P.C.

						s/ Martha H. Eskesen
						Martha H. Eskesen
						5445 DTC Parkway, Penthouse 4
						Greenwood Village, CO 80111
						Telephone:   (303) 486-6938
						Facsimile:    (303) 573-4921
						Email: meskesen@eskesenlaw.com
						*Attorney for Leon Simmons (15)*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on December 2, 2013, I electronically filed the foregoing **MOTION TO DETERMINE COMPETENCY OF DEFENDANT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

And I hereby certify that I have mailed or served the foregoing document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc) indicated by the non-participant's name:

Leon Simmons		(via U.S. Mail)

						MARTHA H. ESKESEN, P.C.


						s/ Martha H. Eskesen
						Martha H. Eskesen
						5445 DTC Parkway, Penthouse 4
						Greenwood Village, CO 80111
						Telephone:   (303) 486-6938
						Facsimile:    (303) 573-4921
						Email: meskesen@eskesenlaw.com