### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Criminal Action No. 13-cr-0159-WJM-15

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**15.   LEON SIMMONS**,

    Defendant.

---

### ORDER FOR COMPETENCY EXAMINATION AND DETERMINATION

---

Before the Court is Defendant's Motion to Determine Competency of Defendant. (ECF No. 536). As stated in the Government's Response it does not object. (ECF No. 546). The court hereby FINDS as follows:

The Constitution forbids the trial of a defendant who lacks mental competency. *Indiana v. Edwards*, 554 U.S. 164, 170 (2008). The Court may order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The test for competency to stand trial asks whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir. 2000) (quotations

omitted); *see also Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."); *United States v. Deshazer*, 554 F.3d 1281, 1286 (10th Cir. 2009).

In the Motion, defense counsel represents that Mr. Simmons sustained a traumatic head injury when he was hit by a car in or about June 2010 for which he underwent brain surgery. (ECF No. 536 at 3). It is further asserted that Mr. Simmons has a history of regularly using illegal controlled substances. The Pretrial Services report confirms that until the time of Defendant's arrest, Defendant Simmons reported that he used marijuana daily, used heroin twice a month, and used crack cocaine approximately four times a month. (ECF No. 161 at 3). Defense counsel believes that Mr. Simmons may have a cognitive impairment, as a result from the traumatic head injury and the regular use of illegal controlled substances, to such a degree that Mr. Simmons is incapable of participating in or assisting in his defense. Based on these averments, the Court finds that reasonable cause exists under 18 U.S.C. § 4241(a) to order a competency evaluation.

Accordingly, the Court hereby ORDERS as follows:

1. Defendant's Motion to Determine Competency (ECF No. 536) is GRANTED;

2. The Defendant shall be committed to the custody of the Attorney General for a psychiatric or psychological evaluation. Pursuant to 18 U.S.C. § 4247(b), "[u]nless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court," which, in this case, would

    be the facility known as the "Federal Correctional Institution – Englewood" (FCI-Englewood), located at 9595 Quincy Avenue, Littleton, Colorado, 80123.  Unless impracticable, the examination shall be conducted by David Morrow or Jeremiah Dwyer, licensed certified psychiatrist(s) or psychologist(s) designated and provided by the Bureau of Prisons;

3. The Defendant shall be committed to the custody of the Attorney General for a period not to exceed **30 days** from the date of this Order, unless an extension is requested and granted pursuant to 18 U.S.C. § 4247(b);

4. The licensed or certified psychiatrist or psychologist conducting the psychiatric or psychological examination shall be granted reasonable access to the Defendant to facilitate the psychiatric or psychological examination and to implement the orders of this Court;

5. Defendant is ordered to fully cooperate with the psychiatrist or psychologist for purposes of conducting the psychiatric or psychological evaluation;

6. Pursuant to the provisions of 18 U.S.C. § 4247(c), at the conclusion of the psychiatric or psychological examination of the Defendant, a psychiatric or psychological report shall be prepared by the licensed or certified psychiatrist or psychologist and shall be filed with the Court, and copies shall be provided to counsel for the Government and the Defendant.  Such report shall be submitted to the Court within **90 days** of the entry of this Order;

7. Pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4), the psychiatric or psychological report shall include the following:

       a.      Defendant's history and present symptoms;

       b.      A description of the psychiatric, psychological, and medical tests that were employed and their results;

       c.      The examiner's findings;

       d.      The examiner's opinions as to the diagnosis and prognosis; and

       e.      The examiner's opinion about whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

8. Pursuant to 18 U.S.C. § 4241(c), after receipt of the report, the Court will, if necessary, hold a competency hearing, to be conducted in accordance with 18 U.S.C. § 4247(d);

9. Counsel shall contact the Court within five days of receipt of the psychiatric or psychological report to set a date for the competency hearing;

10. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c); and

11. All currently pending deadlines, including but not limited to the deadline for filing pretrial motions, the final trial preparation conference, and the trial date, are hereby VACATED as to this Defendant only.

Dated this 4th day of December, 2013.

BY THE COURT:

William J. Martinez
United States District Judge