**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Action No. 13-cr-0159-WJM-15

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**15.    LEON SIMMONS**,

       Defendant.

---

## ORDER FINDING DEFENDANT COMPETENT TO PROCEED

---

       Defendant Leon Simmons ("Defendant") is charged as part of a nineteen Defendant, thirty-two count Indictment with conspiracy to distribute more than 280 grams of cocaine base or 500 grams of a mixture or substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II), and 846, and three counts of using a telephone in facilitating the commission of a drug trafficking felony in violation of 21 U.S.C. § 843(b).  (ECF No. 2.)

       On December 2, 2013, Defendant filed a Motion to Determine Competency of Defendant ("Motion") asking for the Court to authorize a psychiatric or psychological evaluation of the Defendant and, thereafter, to set a hearing to determine Defendant's competency to proceed.  (ECF No. 536.)  The Government did not object to the Motion (ECF No. 546), and the Court ordered that a psychiatric or psychological evaluation of the Defendant be conducted and that the findings be reported to the Court.  (ECF No. 550.)

On January 23, 2014, the Court received the Forensic Evaluation prepared by Dr. Jessica Micono. (ECF No. 650.) Dr. Micono found that Defendant was not currently suffering from symptoms of a major mental disorder that would impair his ability to understand the nature and the consequences of the proceedings against him or render him unable to assist his counsel is preparing his defense. (*Id*.) However, Dr. Micono noted that the Court should consider the Defendant to have below-average cognitive abilities and suggested ways of accommodating his limitations while still proceeding with this prosecution, such as taking frequent breaks and allowing him additional time to consult with his attorney. (*Id*.)

Upon receipt of Dr. Micono's Forensic Evaluation, the Court ordered the parties to notify it by February 5, 2014 if either party felt that a competency hearing in accordance with 18 U.S.C. § 4241(c) and 4247(d) was necessary. (ECF No. 651.) In response to this Order, the parties filed a Joint Response stating that defense counsel was in the process of obtaining authorization to have an independent psychological evaluation performed. (ECF No. 681.) The Court approved this request and gave counsel additional time to notify the Court as to whether a hearing on the Defendant's competency was required. (ECF Nos. 757 & 771.)

On April 15, 2014, Defendant filed a Forensic Evaluation performed by Dr. Karen Fukutaki. (ECF No. 807.) Dr. Fukutaki concluded that Defendant's mental processing speed and abilities were so deficient that he was not capable of accurately assessing the evidence against him or realistically weighing his chances of obtaining an acquittal at trial. Dr. Fukutaki was particularly concerned with the Defendant's ability to assist his

attorney in real-time, should this matter proceed to trial.  (*Id.*)  Given these findings, Dr.

Fukutaki opined that Defendant was not competent to proceed in this case.  (*Id.*)

Given the conflicting opinions of the experts in this case, the parties filed a Joint

Motion for Hearing Pursuant to 18 U.S.C. §§ 4241(c) and 4247(d).  (ECF No. 816.)  The

motion was granted, and the Court set a competency hearing for June 20, 2014.  (ECF

No. 827.)

On June 17, 2014, Defendant filed a Notice of Disposition indicating that he had

entered into a plea agreement with the Government.  (ECF No. 932.)  Defendant also

filed a supplemental report from Dr. Fukutaki.  (ECF No. 935.)  In this supplemental

report, Dr. Fukutaki stated that she had reviewed the Plea Agreement with the

Defendant and had evaluated his ability to understand the proceedings as currently

postured.  (*Id.*)  After this meeting,  Dr. Fukutaki found that Defendant appeared to

understand his legal situation, including the benefits and detriments of accepting the

plea he had been offered.  (*Id.*)  Defendant was able to explain to Dr. Fukutaki the risks

and benefits of accepting the plea, the penalties that he would likely face after pleading

guilty, and his future prospects after incarceration.  (*Id.*)  Based on these findings, Dr.

Fukutaki opined that Defendant is competent to weigh the risks and benefits of

accepting the plea he has been offered, and that he is competent to choose to accept

the plea.  (*Id.*)  Based on this report, Defendant moved to vacate the competency

hearing and asked the Court to instead set a change of plea hearing.  (ECF No. 933.)

The Constitution forbids the trial of a defendant who lacks mental competency.

*Indiana v. Edwards*, 554 U.S. 164, 170 (2008).  The Court must commit a defendant for

treatment if it finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and the consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(d). Having reviewed the multitude of evidence in this case, the Court finds that the Defendant is not presently suffering from a mental disease that renders him incompetent to proceed with a guilty plea.  Both medical doctors that have evaluated the Defendant have opined that he is able to understand the proceedings against him and, when given sufficient time to process the situation, is able to make a knowing decision about the course of these proceedings.  The Court notes that Defendant is represented by exceedingly able counsel, and the Court is confident that she has taken the time required to ensure that Defendant knows and understands the ramifications of his current legal situation. Accordingly, the Court finds that Defendant Leon Simmons is competent to proceed with entering a guilty plea in this case.

For the reasons set forth above, the Court ORDERS that a Change of Plea Hearing is hereby set for **August 29, 2014 at 2:00 p.m.** in Courtroom A801.  Counsel for the parties shall e-mail to Chambers courtesy copies of the "Statement by Defendant In Advance of Change of Plea" and the "Plea Agreement and Statement of Facts" no later than **12:00 p.m. on August 22, 2014.**  If these documents are not timely submitted, the hearing may be vacated.  The signed original and one copy of these documents must also be given to the courtroom deputy at the time of the hearing, pursuant to D.C.COLO.LCrR 11.1F.

-4-

It is FURTHER ORDERED that defense counsel who reviewed and advised Defendant regarding the plea agreement must attend this Change of Plea Hearing. Pursuant to WJM Revised Practice Standard VIII.I.1.c the AUSA assigned to this matter must also be present at the hearing.  If that AUSA cannot attend in person, he must be present by phone and a fully-briefed substitute AUSA must be physically present in the courtroom at the time of the hearing.

Dated this 15th day of July, 2014.

BY THE COURT:

William J. Martinez
United States District Judge